UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENIFFER AGUILAR ALVARADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24 C 2054 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| LIBERTY SURPLUS INSURANCE CORP., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Jeniffer Aguilar Alvarado brought this action against Defendant Liberty Mutual Insurance Company ("Liberty Mutual") a/k/a Liberty Surplus Insurance Corporation ("Liberty Surplus") in the Circuit Court of Lake County seeking a declaratory judgment that her insurance policy should include uninsured and underinsured motorist coverage equal to the liability limits. After being informed by counsel for Liberty Mutual that a separate entity, Liberty Surplus, was the correct defendant, Aguilar Alvarado amended her complaint. Subsequently, Liberty Surplus removed the case to this Court. Aguilar Alvarado now moves to remand. Because Liberty Surplus timely removed this action, however, the Court denies Aguilar Alvarado's motion to remand.[1]

**BACKGROUND[2]**

On December 22, 2019, Aguilar Alvarado rented a car through Turo, Inc, a peer-to-peer car sharing company that facilitates customers' leasing of cars directly from car owners for a

---

[1] On June 7, 2024, Liberty Surplus moved for leave to file a surreply opposing Plaintiff's motion to remand [30]. The Court grants the motion and considers its arguments.

[2] To determine whether removal was proper, the Court looks at "the record as a whole." *Kavalir v. Medtronic*, No. 07 C 0835, 2007 WL 1225358, at *2 (N.D. Ill. Apr. 19, 2007). As such, to resolve the motion to remand, the Court considers affidavits and other party submissions, *Ashenden v. Lloyd's of*

short rental period. Turo maintains a car insurance policy with Liberty Surplus. Aguilar Alvarado retained car insurance through Turo's policy with Liberty Surplus.

On the same day that she rented her car, Aguilar Alvarado got into a minor car accident with Maria Velasco. When Aguilar Alvarado stepped out of her car to discuss the accident with Velasco, a third driver, Ana Flores, drunkenly drove into Velasco's car. The impact from Flores hitting Velasco's car caused Aguilar Alvarado to be thrown in the air and sustain serious injuries. Flores' insurance paid its full limit of $25,000 to Aguilar Alvarado.

Aguilar Alvarado subsequently made a demand for underinsured motorist arbitration with Liberty Surplus. Liberty Surplus responded that the policy provided $0 in underinsured motorist coverage because Turo had rejected that coverage. Aguilar Alvarado and Liberty Surplus then engaged in arbitration for the next several months, which ultimately failed.

On November 9, 2023, Aguilar Alvarado sued "Liberty Mutual Insurance Company a/k/a Liberty Surplus Insurance Company" in the Circuit Court of Lake County seeking a declaration that Liberty Surplus' policy violates Illinois law by not providing underinsured motorist coverage and requesting that the policy be reformed to comply with Illinois law. That same day, Aguilar Alvarado effectuated service on the authorized agent of Liberty Mutual. Liberty Surplus does not have a registered agent in Illinois. On December 7, 2023, counsel for Liberty Mutual contacted Aguilar Alvarado's counsel, requesting an extension of time to answer the complaint. Over the next four months, Aguilar Alvarado's and Liberty Mutual's counsel began discussing the case, with Liberty Mutual's counsel requesting multiple extensions to file its responsive pleading to Aguilar Alvarado's complaint.

---

*London*, 934 F. Supp. 992, 994 (N.D. Ill. 1996), as well as facts taken from Aguilar Alvarado's amended complaint, *Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *1 (N.D. Ill. Aug. 30, 2012).

Then, on February 13, 2024, Liberty Mutual's counsel informed Aguilar Alvardo that she named the wrong defendant in the suit, with the proper defendant instead being Liberty Surplus. Liberty Mutual's counsel agreed to accept service on behalf of Liberty Surplus once Aguilar Alvarado amended the complaint to name it. The next day, Aguilar Alvarado amended her complaint, substituting Liberty Surplus for Liberty Mutual. On March 12, 2024, less than thirty days after Aguilar Alvarado filed and served her amended complaint on Liberty Surplus, Liberty Surplus removed the case to this Court.

## ANALYSIS

Aguilar Alvarado argues that the Court should remand this action because Liberty Surplus failed to timely remove it. A defendant may remove a case filed in state court that the plaintiff could have originally filed in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). A defendant must file its notice of removal within thirty days "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). Failure to file a notice of removal within the thirty-day deadline results in remand to state court. *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) ("While the time limitation imposed by [Section] 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived."); *Vandegraft v. Ill. Cent. R.R. Co.*, No. 08-CV-1112, 2008 WL 4545345, at *1 (C.D. Ill. Oct. 8, 2008) (remanding the case to state court because the defendant "failed to meet the deadline for filing a notice of removal"). The removing party bears the burden of demonstrating that removal is proper, and the Court resolves any doubt regarding jurisdiction in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

According to Aguilar Alvarado, the thirty-day removal clock started on November 9, 2023, when she served the original complaint on Liberty Mutual's registered agent. Liberty Surplus, on the other hand, asserts that it timely removed this case because the thirty-day removal period did not start until February 14, 2024, when Aguilar Alvarado filed and served her amended complaint properly naming Liberty Surplus as the defendant.

When the removal clock started depends on whether the amended complaint correctly naming Liberty Surplus as the defendant commenced a new lawsuit, thus restarting the removal clock, or whether the amended complaint relates back to the original complaint and therefore "is considered filed upon the filing date of the original complaint." *Fassero v. Turigliatto*, 349 Ill. App. 3d 368, 370 (2004).[3] In Illinois, an amended complaint that changes the name of a defendant automatically relates back in the case of a misnomer, *U.S. Bank Nat'l Ass'n v. Luckett*, 2013 IL App (1st) 113678, ¶ 27, and may relate back in the case of mistaken identity so long as the requirements of 735 Ill. Comp. Stat. 5/2–616(d) are met, *Guiffrida v. Boothy's Palace Tavern, Inc.*, 2014 IL App (4th) 131008, ¶ 35.

Aguilar Alvarado first argues that her error in initially naming Liberty Mutual amounts to a misnomer. A misnomer "occurs where the plaintiff brings an action and serves summons upon the party *intended* to be made the defendant, thus giving actual notice of the lawsuit to the real

---

[3] Courts rely on state law to determine whether a new suit has commenced for purposes of removal. *See Graft v. Alcoa*, No. 1:02-CV-01848, 2003 WL 1984347, at *2 (S.D. Ind. Apr. 4, 2003) ("A 'key question for courts regarding removal under § 1446(b) has been when the action commences for purposes of the statute.' In such instances, '[c]ourts which have considered that question have looked to the law of the state in which the state court action originated to determine when an action commences.'" (citations omitted)); *Riley v. Ohio Cas. Ins. Co.*, 855 F. Supp. 2d 662, 666 (W.D. Ky. 2012) ("State law determines when an action is commenced for removal purposes." (citing *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir.1993)); *see also Phillips v. Ford Motor Co.,* 435 F.3d 785, 787 (7th Cir. 2006) ("Since the question for decision . . . is whether adding named plaintiffs commences a new suit in state court, the answer should depend on state procedural law. The clearest case in which an amended complaint does not kick off a new suit is where the amendment 'relates back' to the original complaint.").

4

party in interest, but the process and complaint do not refer to the person by his correct name." *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996) (citing *Shaifer v. Folino,* 272 Ill. App. 3d 709, 713 (1995)). "In other words, the misnomer provision applies only when the right defendant has been sued by the wrong name, not when the wrong defendant has been sued." *Id.*; *see also Est. of Henry by Henry v. Folk*, 285 Ill. App. 3d 262, 264 (1996) ("A misnomer exists where a plaintiff sues and serves the correct party, but calls that party by the wrong name."). To determine whether a misnomer occurred, courts do not consider the plaintiff's subjective intent but instead focus on "the objective manifestations of that intent as contained in the record." *Zito v. Gonzalez*, 291 Ill. App. 3d 389, 393 (1997). Objective manifestations of the plaintiff's intent include "the party named in the complaint, correspondence with the intended party, [and] whether service was effected at the residence of the intended party." *Lally v. City of Chicago*, No. 10-CV-5011, 2011 WL 2670077, at *6 (N.D. Ill. July 7, 2011) (finding a misnomer occurred where the plaintiff had the wrong name of the relevant officer but provided information at the time of service that would lead to the City of Chicago identifying the correct officer). Commonly, a misnomer occurs where the plaintiff intended to sue and timely served the proper defendant but failed to refer to the defendant by its full legal name. *See Harris v. Durham Enters., Inc.*, No. 20-CV-72, 2020 WL 3206047, at *2 (S.D. Ill. June 15, 2020) (finding that the naming of Liberty Mutual Insurance rather than Liberty Mutual Insurance Company is simply a misnomer); *Faust v. Menards, Inc.*, No. 2:11 CV 425 JM, 2012 WL 3264987, at *3 (N.D. Ind. Aug. 9, 2012) (naming Menards, Inc. in complaint instead of the proper name of Menard, Inc. was a misnomer). However, if the party named in the original complaint "in fact exists, but is not the real party in interest, a court can conclude that the plaintiff has mistakenly sued the wrong party." *Arendt*, 99 F.3d at 234.

Here, Aguilar Alvarado asserts that although she named "Liberty Mutual Insurance Company a/k/a Liberty Surplus Insurance Corporation" as the defendant in the original complaint, her actions reflect her intent to sue Liberty Surplus. As both parties recognize, Liberty Surplus is not an alias for Liberty Mutual.[4] Liberty Mutual and Liberty Surplus are separate legal entities; thus, naming Liberty Mutual and not Liberty Surplus as the defendant in the original complaint suggests that this is not a misnomer case. *See Arendt*, 99 F.3d at 234-35 ("Because SRL exists but is not the real party in interest, it is logical to conclude that Arendt mistakenly sued the wrong party."); *Guiffrida*, 2014 IL App (4th) 131008, ¶ 37 ("In this case, plaintiff filed suit against an actual corporate entity, The Palace, Inc., and served its registered agent, Rhonda K. Cato, with summons and a copy of the complaint. The Palace, Inc., however, is not a real party-in-interest to this action and Cato has no connection to defendant. On this basis alone, the trial court could have properly concluded this case was one of mistaken identity."); *Ellis v. Borisek*, 220 Ill. App. 3d 48, 51 (1991) (noting that where two separate entities exist, and the plaintiff named the wrong entity, then it is not a misnomer but a case of mistaken identity). Further, Aguilar Alvarado did not serve Liberty Surplus in November 2023, serving Liberty Mutual's registered agent instead. *See* Doc. 14-1; *cf. Stallings v. Black & Decker Corp.*, 500 F. Supp. 2d 1030, 1037 (S.D. Ill. 2007) ("Key to that decision [that this was case of misnomer] was the fact that the plaintiff intended from the beginning to sue the manufacturer of the miter saw and, in fact, served the summons and complaint at the common address of [the correct defendant]."). And while Aguilar Alvarado argues that she served Liberty Mutual's agent because Liberty Surplus does not have a registered agent in Illinois, the fact that Liberty Surplus did not have a registered agent in Illinois at the time means that service on Liberty

---

[4] In her reply brief to the motion to remand, Aguilar Alvarado concedes that Liberty Surplus is not the alter ego of Liberty Mutual.

6

Mutual's agent could not amount to service on Liberty Surplus. *Id.* (finding that service on third party representing the initial defendant did not lead to effecting service on the correct defendant where the correct defendant had no registered agent for service in Illinois); *Ashenden v. Lloyd's of London*, 934 F. Supp. 992, 994 (N.D. Ill. 1996) (determining that the correct defendant, Lloyd's, did not receive notice where the plaintiff served the law firm representing the wrong defendant, Lloyd's of London, because the two parties were legally distinct and "the plaintiffs have presented no evidence that the syndicates or their attorneys are the agents of Lloyd's for the service of process."). Given that Liberty Surplus and Liberty Mutual are separate, legally cognizable companies, the Court cannot find that a misnomer situation exists here.

The Court thus turns to Aguilar Alvarado's second argument—that she made an error of mistaken identity and successfully meets Section 616(d)'s requirements so as to allow for relation back. Section 616(d) allows for relation back if "(1) the time prescribed or limited had not expired when the original action was commenced; (2) the [proper defendant] . . . received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." 735 Ill. Comp. Stat. 5/2–616(d). Unlike a case of misnomer, in a case of mistaken identity, "the wrong person is named and served." *Arendt*, 99 F.3d at 234 (citing *Shaifer*, 272 Ill. App. 3d at 713); *see also Cue v. Learjet Inc.,* 837 F. Supp. 2d 788, 791 (N.D. Ill. 2011) (finding a case of mistaken identity where "Plaintiffs mistakenly sued GE Aviation Systems, LLC, believing it to be the entity that manufactured the allegedly defective part. . ." because "as they

7

now know, the actual manufacturer was another GE entity, GE Aviation Systems Limited."). The Court may consider the plaintiff's knowledge as to the identity of the proper defendant "if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).[5] To this point, the inadequate knowledge of a defendant's identity does not constitute a mistake, but inaccurate knowledge does. *Salameh*, 2021 WL 4951529, at *3 (determining the case was not one of mistaken identity because plaintiffs did not confuse the defendant with another party but simply waited to confirm his identity before amending the complaint); *see Dalessandro v. Quinn-Dalessandro,* 2023 IL App (1st) 211119, ¶ 54 (finding that naming the incorrect defendant was not a case of mistaken identity where the plaintiffs knew the identity of the correct defendant but did not include him in the original complaint because they did not know the scope of his involvement).

In this case, Aguilar Alvarado admits that she was not mistaken about the identity of Liberty Surplus, precluding her from taking advantage of Section 616(d)'s relation back allowance. In her reply brief, Aguilar Alvarado acknowledges that she did not name Liberty Surplus as the defendant because she considered it improper to name a defendant without a registered agent in Illinois. This does not amount to "a wrong action proceeding from inadequate knowledge" but instead reflects Aguilar Alvarado's deliberate choice to proceed in a lawsuit against Liberty Mutual instead of the correct defendant. *See Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (finding the relation back doctrine did not apply where plaintiffs brought a "proper action based on inadequate knowledge"); *see also Krupski,* 560 U.S. at 549 ("We agree

---

[5] While *Krupski* interprets Federal Rule of Civil Procedure 15(c), because Section 616(d) "substantially mirrors" Rule 15(c), "federal cases interpreting 15(c) are thus "persuasive authority" for interpreting Section 616(d). *Salameh v. MTF Club Operations Co.*, No. 21 CV 4080, 2021 WL 4951529, at *3 (N.D. Ill. Oct. 25, 2021).

that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."); *Dalessandro*, 2023 IL App (1st) 211119, ¶ 55 (finding the complaint did not relate back because the undisputed facts made clear that the plaintiffs did not lack knowledge about the additional defendant's role in the case at the time they filed their original complaint). Thus, Aguilar Alvarado's amended complaint, properly naming Liberty Surplus as the defendant, does not relate back to the original complaint under a theory of mistaken identity.

Because neither a misnomer nor mistake of identity exists here, the time for removal began when Aguilar Alvarado amended the complaint to substitute Liberty Surplus as the defendant, on February 14, 2024. Therefore, Liberty Surplus timely removed the case, warranting denial of Aguilar Alvarado's motion to remand.

## CONCLUSION

The Court denies Aguilar Alvarado's motion to remand [14]. The Court grants Liberty Surplus' motion for leave to file a surreply in opposition to Aguilar Alvarado's motion to remand [30].

Dated: June 18, 2024

_____
SARA L. ELLIS
United States District Judge

9